# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1412V
Filed: December 2, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BEVERLY A. BLAKELY, * | |
| * | |
| Petitioner, * | Dismissal; Pneumovax 23; |
| v. * | Not Covered by Program; |
| * | Failure to State a Claim; |
| SECRETARY OF HEALTH * | Insufficient Proof; |
| AND HUMAN SERVICES, * | Special Processing Unit ("SPU") |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Timothy B. Hummel*, Hummel Law, Oklahoma City, OK, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

**Dorsey**, Chief Special Master:

On November 23, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner suffered injuries as a result of her receipt of a "Pneumovax 23" vaccine on October 17, 2014. (ECF No. 1.) For the reasons discussed below, petitioner's claim is hereby **DISMISSED**.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

**PROCEDURAL HISTORY**:

Upon filing, this case was assigned to the Chief Special Master as part of the Special Processing Unit ("SPU"). On November 23, 2015, the undersigned issued an Order to Show Cause noting that injuries caused by the Pneumovax 23 vaccine are not compensable under the Vaccine Act and instructing petitioner to file an amended petition alleging injury from a Program-covered vaccine, or otherwise show cause for why this petition should not be dismissed. (ECF No. 5.)

On December 1, 2015, petitioner filed medical records marked as Exhibits 1-12. (ECF No. 7.)  She also filed her response to the show cause order, which was accompanied by Exhibits 1-4.[3] (ECF No. 8.)  Petitioner noted in her show cause response that she has filed and referenced all of the available documents and information responsive to the show cause order. (ECF No. 8 at 2.)

Although she did not request any specific relief, petitioner did note that "the information and documents provided herewith likely fail to show cause as required by the Order [Doc. 5]." (ECF No. 8 at 2.)  Petitioner also stressed that she is not stipulating to dismissal of her petition and that she intends to reject judgment in order to file a civil action. (*Id*.)  Petitioner's response is therefore construed as a motion for a ruling on the record.[4]

Under the present circumstance, a response from respondent is not necessary and this case is ripe for decision on the written record.

**FACTUAL HISTORY:**

On October 17, 2014, petitioner received a Fluvirin influenza vaccine and a Pneumovax 23 pneumococcal vaccine at a Walgreens location in Oklahoma City. (Exhibit 2.)  The site of each injection is not described in the documentation petitioner filed. (*Id*.)

---

[3] Petitioner attached previously filed exhibits to her show cause response, but gave them different exhibit numbers.  For example, petitioner's affidavit was filed as Exhibit 1 (*see* ECF No. 7-1) but the same affidavit is appended to the show cause response as Exhibit 2.  Similarly, petitioner's evidence of vaccination, a receipt from Walgreens, was previously filed as Exhibit 2 (*see* ECF No. 7-2), but is included as Exhibit 1 in the show cause response.  All of petitioner's previously filed medical records, marked as Exhibits 1-12, are incorporated by reference into the show cause response under an umbrella designation as Exhibit 4.  This decision will refer exclusively to the initial exhibit designations found at ECF No. 7, which are consistent with the references made in the petition, and will disregard the exhibit designations contained in the show cause response.  Petitioner's supplemental affidavit, which was not previously filed but was included as Exhibit 3 to the show cause response, will be referred to as petitioner's Exhibit 13.

[4] A motion for a ruling on the record is distinct from a motion for dismissal in that a motion for a ruling on the record addresses the record of the case and results in a decision specific to the facts of the case.  But in either event, if petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a).

On October 18, 2014, petitioner was seen at Penn first Urgent Care complaining of one day of acute right arm pain. (Exhibit 3 at 4.)  Petitioner indicated that she "went to Walgreens yesterday and received a pneumonia and flu vaccination on each arm." (*Id*.)  She further indicated that "she received multiple attempts of the pneumonia vaciation [sic.] on right deltoid. Reports that after a few hrs of the injection pain became significant." (*Id*.)  Petitioner subsequently provided a similar report to her primary care physician on October 21, 2014. (Exhibit 5 at 4.)

Petitioner's injury is well documented as a right shoulder injury which ultimately resulted in arthroscopic surgery. (*See, e.g.* Exhibit 9.)  Petitioner's medical records consistently report that petitioner complained of a right shoulder injury caused by her pneumococcal vaccination. Specifically, her orthopedist recorded that her chief complaint as of October 22, 2014, was "R shoulder pain post pneumonia vaccine." (Exhibit 6 at 2.)  Also on October 22, 2014, petitioner was referred for an MRI evaluation.  Her clinical history for that referral indicates that petitioner presented with right shoulder pain and "states this began after receiving an intramuscular vaccine injection, very high on the shoulder near the acromioclavicular region." (Exhibit 7 at 2.)  Her physical therapy records similarly indicate that petitioner initially presented "with severe right shoulder pain which began 10/17/14 just after she received a pneumonia vaccination given very high on the shoulder girdle." (Exhibit 8 at 2.)

In addition to medical records, petitioner has filed an expert opinion by Dr. Claudia Rossavik opining that petitioner's right shoulder injury was caused by an improper intramuscular vaccine injection into her right shoulder. (Exhibit 4.)

In subsequent affidavits, petitioner averred that her pneumococcal vaccine was administered in her right arm and her influenza vaccine in her left. (Exhibits 1, 13.)

**LEGAL STANDARD**:

The authority of special masters is limited by statute.  The Vaccine Act vested special masters with authority to award compensation only for injuries caused by certain vaccines—those recommended for routine administration to children. *See* H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.  The vaccines initially covered by the Program were those listed in section 14 of the Act—the original Vaccine Injury Table.  As more vaccines were recommended for routine administration to children by the Centers for Disease Control and Prevention ["CDC"], the Secretary, Health and Human Services ["HHS"] was directed to amend the Table for their inclusion.  *See* § 14(c)(1); 42 C.F.R. § 100.3 (2011) (the current Table).  Importantly, a tax is enacted on each vaccine listed on the Table to provide funds for compensation for possible injury resulting from a vaccine.  The date the tax is enacted is the date a vaccine becomes a part of the Vaccine Program.  *See* 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

Significant to this case, trivalent influenza vaccines are listed on the Vaccine Injury Table while only some, but not all, pneumococcal vaccines are included. *See* 42 C.F.R. § 100.3 (2011). "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccines." *Bundy v. HHS*, No. 12-769v, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014.)  Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id*.; *see also Morrison v. HHS*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005)(describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).  The Pneumovax 23 vaccine is a polysaccharide vaccine and therefore not a vaccine set forth in the Vaccine Injury Table. *See Bundy*, 2014 WL 348852, at *2; 42 C.F.R. § 100.3 (2011).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that she received a vaccine set forth in the Vaccine Injury Table and that she experienced an injury caused by that vaccine.  *See* §11(c).  Petitioner bears the initial burden of demonstrating these elements by preponderant proof. *See* § 13(a)(1).

**DISCUSSION:**

In the instant case, the evidence does not preponderate in favor of a compensable injury.  Although petitioner simultaneously received both a Program-covered influenza vaccine as well as the Pneumovax 23 vaccine which is not covered (*see* Exhibit 2), she averred that she received the influenza vaccine in her left arm and the Pneumovax 23 vaccine in her right arm (Exhibit 13). Her injury, which is itself clearly documented, occurred in her right arm.

The documentation of petitioner's vaccinations is silent regarding the location of either injection. (Exhibit 2.)  However, petitioner's recollection is bolstered by the contemporaneous medical records which show that she immediately reported her right arm pain within one day or her vaccination and at that time specifically attributed the injury to her pneumonia vaccine which she described as requiring multiple attempts. (Ex. 3 at 4.)

In order to be compensated under this program, petitioner bears the burden of showing that her injury was caused by a Program-covered vaccine.  In this case, however, she has explicitly linked her vaccination to her Pneumovax 23 vaccine.  At the same time, she has offered no evidence to suggest that her injury could have been caused by her Program-covered influenza vaccine.

**CONCLUSION:**

Petitioner has failed to demonstrate that she was injured by a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  The clerk shall enter judgment accordingly.**[5]

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] If petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."